**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**KEITH A. ARRICK, SR.,**

                  **Petitioner,**

**v.**                                                 **Civil Action No. 3:20-CV-12
(GROH)**

**PAUL ADAMS,**

                  **Respondent.**

## <u>REPORT AND RECOMMENDATION</u>

### I.   INTRODUCTION

On January 24, 2020, the pro se Petitioner filed an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241. ECF No. 1. Petitioner refiled his application on the Court-approved form on February 10, 2020. ECF No. 7. Petitioner is a federal inmate currently housed at Hazelton FCI in the Northern District of West Virginia, who is challenging the validity of his sentence imposed in the United States District Court for the Southern District of Ohio.

The matter is now before the undersigned United States Magistrate Judge for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR PL P 2. For the reasons set forth below, the undersigned recommends that the Petition be dismissed without prejudice.

## II.    FACTUAL AND PROCEDURAL HISTORY[1]

### A.    Conviction and Sentence

On May 19, 2014, a grand jury indicted Petitioner and charged him in the Southern District of Ohio, case number 2:14-CR-108, with various sex trafficking offenses.   ECF No. 1.  On September 11, 2014, Petitioner entered a plea of guilty to Count 4 of the indictment.  ECF Nos. 44, 47, 61.  Petitioner was sentenced on June 9, 2015[2], to 162 months of imprisonment.  ECF Nos. 67, 73.

### B.    Direct Appeal

A review of the docket and PACER shows that Petitioner did not directly appeal his conviction or sentence.

### C. Post-Conviction Relief: Motions to Vacate Under 28 U.S.C. § 2255

On June 13, 2016, Petitioner filed a motion to vacate[3] under 28 U.S.C. § 2255, arguing that he was denied effective assistance of counsel, and that the district court erred by "unlawfully" sentencing him.  ECF No. 70.   The presiding magistrate judge issued a report and recommendation on July 18, 2016, recommending the motion be denied and dismissed because as part of his plea Petitioner waived his right to challenge his conviction or sentence through either a direct appeal or a § 2255 motion.   ECF No. 74.   Instead of objecting to the report and recommendation, on September 12, 2016, Petitioner filed a motion to withdraw his motion to vacate under 28

---

[1]  All CM/ECF references in facts sections II.A, II.B. and II.C., refer to entries in the docket of Criminal Action No. 2:14-CR-108, in the Southern District of Ohio.

[2]  Sentence was imposed on June 9, 2015, but the judgment was not entered until June 11, 2015. ECF No. 67.

[3]  This motion was also used to initiate a new case assigned case number 2:16-CV-531 in the Southern District of Ohio.

U.S.C. § 2255, and a motion to amend the § 2255 petition pursuant to Rule 15(a) of the Federal Rules of Civil Procedure.  ECF Nos. 77, 78.

The motion to vacate was denied by order of the district court entered October 7, 2016, which adopted the Report and Recommendation of the magistrate judge.  ECF No. 79.   In its order denying the motion to vacate, the district court also denied Petitioner's motion to amend his motion to vacate, noting that the additional ineffective assistance of counsel claims Petitioner wished to raise were time barred.[4]  Id. at 3.  On November 14, 2016, Petitioner filed an appeal to the Court of Appeals for the Sixth Circuit, seeking a COA for both claims set forth in the original § 2255 motion, and for a third claim, contending that the voluntary waiver of his right to appeal or bring a § 2255 motion in the plea agreement constituted a miscarriage of justice.  ECF No. 81.  The Court of Appeals denied Petitioner's request for a certificate of appealability by order entered May 25, 2017.  ECF No. 84.

Plaintiff then pursued compassionate release via motion which was filed on November 25, 2020, and denied by order entered April 22, 2021.  ECF Nos. 92, 102.

---

[4]  The Court explained its reason for denying the motion to amend:

Petitioner waited until after the issuance of the Magistrate Judge's *Report and Recommendation* and after being granted an extension of time to file his objections to request to withdraw his prior claims for relief and to amend his § 2255 motion with new claims.  The Court has already invested considerable time in treating the original petition.  *See Hurd v. Mondragon*, 851 F.2d 324, 329 (10th Cir. 1988) (declining to permit the petitioner's request to withdraw his petition prior to final disposition of the case, but after the Magistrate Judge had filed his report) (citing *Powell v. Spalding*, 679 F.2d 163 (9th Cir. 1982.)  Petitioner advances no reason that he could not earlier have presented such claims for relief.  Moreover, "a petitioner for habeas corpus cannot be permitted to thwart the limitations on the filing of second or successive motions by withdrawing his first petition as soon as it becomes evident that the district court is going to dismiss it on the merits."  *Felder v. McVicar*, 113 F. 3d 696, 698 (7th Cir. 1997).

ECF No. 79 at 3.

### D.      Claims in Instant § 2241 Petition

The amended petition asserts four grounds for relief: (1) that Petitioner's sentence was improperly enhanced based on the Pre-Sentence Report rather than certified records; (2) that prosecutorial misconduct occurred when the Government failed to provide the sentencing court with certified prior convictions for sentence enhancement; (3) that Petitioner's counsel was ineffective when he failed to raise, argue, or preserve Petitioner's claims regarding improper enhancement of sentence; and (4) that Petitioner's counsel was ineffective when he "permitted" Petitioner to receive a three-point enhancement "for relevant conduct on a defective indictment".  ECF No. 7 at 5 – 7.  For relief, Petitioner requests his sentence be vacated and that he be resentenced under the United States Sentencing Guidelines to 15 to 21 months.  Id. at 8.

### III.      LEGAL STANDARDS

### A.      Reviews of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

### B.      Pro Se Litigants

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972).  Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  A complaint is frivolous if it is without arguable merit either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute).  The Supreme Court in Neitzke recognized that:

> Section 1915(d)[5] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

Id. at 327.

## IV.    ANALYSIS

Petitioner asserts four grounds for relief related to his sentence: (1) that the documents used to enhance his sentence were not properly authenticated; (2) that the Government did not meet its burden of proof in regard to those documents; (3) that his

---

[5]  The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

counsel ineffectively failed to preserve appellate issues related to his enhanced sentence; and (4) that his counsel was ineffective when he failed to prevent Petitioner from receiving a three-level relevant conduct enhancement under the Guidelines.  However, essentially, Petitioner raises two claims, that: (1) that his sentence was improperly enhanced in the absence of certified records of prior convictions; and (2) that his counsel was ineffective when he failed to prevent the enhancement of Petitioner's sentence, or to adequately protect claims for appellate review.

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction.  By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is generally intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated.  Fontanez v. O'Brien, 807 F.3d 84, 85 (4th Cir. 2015).  In a § 2241 petition, a prisoner may seek relief from such things as the administration of his parole, computation of good time or jail time credits, prison disciplinary actions, the type of detention, and prison conditions in the facility where incarcerated. Id.; see also Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "savings clause" in § 2255, which allows a prisoner to challenge the validity of his conviction and/or his sentence under § 2241, if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e).  The law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 because of (1) a limitation

6

bar,[6] (2) the prohibition against successive petitions, or (3) a procedural bar due to failure to raise the issue on direct appeal.  In re Vial, 115 F. 3d 1192, 1194 n. 5 (4th Cir. 1997).

A petitioner bears the burden of demonstrating that the § 2255 remedy is "inadequate or ineffective,"[7] and the standard is an exacting one.  The Fourth Circuit has announced two tests for evaluating whether a petitioner's claim satisfies the § 2255(e) savings clause. Which test is to be applied depends on whether the petitioner is challenging the legality of his <u>conviction</u> or the legality of his <u>sentence</u>.  See United States v. Wheeler, 886 F.3d 415, 428 (4th Cir. 2018); In re Jones, 226 F.3d 328, 333–34 (4th Cir. 2000).  When a petitioner is challenging the legality of his <u>conviction</u>, § 2255 is deemed to be "inadequate or ineffective" only when all <u>three</u> of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and

---

[6]  In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:

a.      The date on which the judgment of conviction becomes final;
b.      The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
c.      The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
d.      The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

[7]  This is the equivalent of saying that "the § 2255(e) savings clause is satisfied."

> (3) the prisoner cannot satisfy the gate-keeping provisions of
> section 2255 because the new rule is not one of constitutional
> law.

In re Jones, 226 F.3d at 333–34.  Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings clause must meet the Jones test (if challenging the legality of his conviction) for the court to have subject-matter jurisdiction to evaluate the merits of the petitioner's claims. See Wheeler, 886 F.3d at 423–26.

When a petitioner is challenging the legality of his sentence, § 2255 is deemed to be "inadequate or ineffective" only when all four of the following conditions are satisfied:

> (1) at the time of sentencing, settled law of this circuit or the
> Supreme Court established the legality of the sentence;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255
> motion, the aforementioned settled substantive law changed
> and was deemed to apply retroactively on collateral review;
>
> (3) the prisoner is unable to meet the gatekeeping provisions
> of § 2255(h)(2) for second or successive motions; and
>
> (4) due to this retroactive change, the sentence now presents
> an error sufficiently grave to be deemed a fundamental defect.

Wheeler, 886 F.3d at 429.  The Fourth Circuit has specified that a change of substantive law within the Circuit, not solely in the Supreme Court, would be sufficient to satisfy the second prong of the four-part test established in Wheeler.  Id.  Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings clause must meet the Jones test (if challenging the legality of his conviction) or the Wheeler test (if challenging the legality of his sentence) for the court to have subject-matter jurisdiction to evaluate the merits of the petitioner's claims.  See Wheeler, 886 F.3d at 423–26.

Petitioner does not assert a challenge to his conviction, so the Court need not conduct a Jones analysis. Petitioner's request for relief as to his sentence under § 2241 is unavailable. Petitioner claims his sentence is invalid because his prior convictions were improperly presented to designate him as a Career Offender under the United States Sentencing Guidelines, and thus his sentence was improperly enhanced. Further, Petitioner asserts that he received ineffective assistance of counsel related to the imposition of sentence. However, Petitioner has already raised and been denied relief on both these grounds in his § 2255 motion to vacate. He now raises the issues again in this § 2241 claim.

Because Petitioner's direct appeal rights have expired and Petitioner has already filed more than one unsuccessful § 2255, he may seek leave to file a successive § 2255 under § 2255(h)(2) or he can file a § 2241 relying on the § 2255(e) savings clause. Because Petitioner's argument does not rely on newly discovered evidence or a new rule of constitutional law, relief under 28 U.S.C. § 2255(h) is inappropriate. Therefore, in order for Petitioner to obtain relief under § 2241, he must rely on the § 2255(e) savings clause.

Because Petitioner is challenging his sentence in a § 2241, he must meet all four prongs of the Wheeler test for this Court to have jurisdiction to hear his challenge on the merits.

In this case, as to his first and second grounds for relief related to his enhanced sentence, even if Petitioner meets the first, second[8], and third prongs of Wheeler, Petitioner cannot meet the fourth prong, which requires a showing that due to a retroactive

---

[8] In this case there has been no substantive change in the law which would allow Petitioner to meet the second prong of Wheeler.

change in the law, Petitioner's sentence now presents an error sufficiently grave to be deemed a fundamental defect.  See Lester v. Flournoy, 909 F.3d 708, 715 (4th Cir. 2018). In Lester, the Fourth Circuit concluded that a misclassification as a career offender can be a fundamental defect if the sentencing occurred pre-Booker when the sentencing Guidelines were mandatory.  Id. at 714.

However, the Lester Court explicitly noted that had Lester's career offender misclassification occurred under the post-Booker, advisory Guidelines, his petition would have been barred as failing to meet the fourth Wheeler prong.  Id. at 715 ("Foote[9] undoubtedly would bar Lester's petition had he been sentenced under the advisory Guidelines.").  This is because post-Booker, "the Guidelines lack[ ] legal force," and "an erroneous advisory Guidelines classification [i]s unlike a violation of a statute or constitutional provision."  Id.  When a petitioner is sentenced under the post-Booker, purely advisory Guidelines, "the district court not only ha[s] discretion to decide whether the Guidelines sentence [i]s justified, but in fact [i]s required to do so."  Id.  In conclusion, the Lester Court observed that "the savings clause should provide only the tightest alleyway to relief.  Section 2255 is not 'inadequate or ineffective' just because the prisoner can't successfully challenge his sentence under that provision."  Id. at 716.

---

[9] In United States v. Foote, 784 F.3d 931 (4th Cir. 2015), the Fourth Circuit was faced with the issue of whether a petitioner's claim that he was misclassified as a career offender under the advisory Guidelines at sentencing was cognizable under § 2255.  The Foote Court concluded that such a claim was not cognizable under § 2255.  Foote, 784 F.3d at 932.  In reaching its conclusion, the court recognized that "§ 2255 does not allow for a court's consideration and correction of every alleged sentencing error," and that "if the alleged sentencing error is neither constitutional nor jurisdictional, a district court lacks authority to review it unless is amounts to 'a fundamental defect which inherently results in a complete miscarriage of justice.'"  Id. at 936 (quoting Davis v. United States, 417 U.S. 333, 346 (1974)).  The Foote Court ultimately concluded that the misclassification of a petitioner as a career offender under the advisory Guidelines does not result in a fundamental defect that inherently results in a miscarriage of justice.  Id. at 940, 944.

Because Petitioner in this case was sentenced as a career offender under the post-Booker, advisory Guidelines, regardless of whether this was a misapplication of the career offender enhancement, the law in this Circuit makes clear that he cannot satisfy the fourth Wheeler prong, and, therefore, fails to satisfy the § 2255(e) savings clause.

As to Petitioner's claims of ineffective assistance of counsel as asserted in his third and fourth claims, even if Petitioner meets the first prong of Wheeler, Petitioner cannot meet the second prong, which requires a showing that subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review.

The standard for ineffective assistance of counsel announced in Strickland v. Washington, 466 U.S. 668 (1984), has not changed.  As the substantive law regarding ineffective assistance of counsel has not changed, there is nothing to apply retroactively on collateral review, and Petitioner has failed to satisfy the second prong of the Wheeler test as to his second ground for relief.  Thus, because Petitioner fails to meet the second requirement of Wheeler, the undersigned need not address the other prongs of the Wheeler test as to ground two.

Because Petitioner cannot satisfy the savings clause of § 2255(e) under Wheeler, his claim may not be considered under § 2241, and this Court is without jurisdiction to consider his petition.  When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## V.    RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that the amended petition [ECF No. 7] be **DENIED** and **DISMISSED WITHOUT PREJUDICE.**

The Petitioner shall have **fourteen (14) days** from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.**   A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.**   28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet, and to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

12

DATED:      January 20, 2022

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE